PANNILL KNITTING COMPANY, INC. v. GOLDEN CORRAL CORPORATION, EDENTON HOUSING PARTNERSHIP, BERNARD P. BURROUGHS AND WIFE, ANNE J. BURROUGHS AND THURMAN E. BURNETTE, TRUSTEE

No. 871SC783

(Filed 19 April 1988)

**Mortgages and Deeds of Trust § 40.1— attack on second foreclosure sale—failure of record to contain a copy of deed of trust—no showing of impropriety of sale**

  Plaintiff failed to show as a matter of law that the substitute trustee conducted a second foreclosure sale improperly where the record did not contain a copy of the deed of trust or a stipulation by the parties as to its contents, and the court on appeal therefore could not determine whether the deed of trust foreclosed upon expressly authorized the trustee to sell the property in parcels upon default or whether the property was actually described in separate parcels in the instrument. N.C.G.S. §§ 45-21.8, 45-21.9.

  Judge PHILLIPS dissenting.

APPEAL by plaintiff from *Fountain, Judge.* Judgment signed 30 April 1987 in Superior Court, CHOWAN County. Heard in the Court of Appeals 13 January 1988.

This case arises out of the second foreclosure sale instituted under a purchase money deed of trust dated 14 January 1982 from L. F. Amburn, Jr., and William B. Gardner to Max S. Busby, trustee for Bernard P. Burroughs, grantee. This deed of trust, duly recorded in Book 137, page 672 of the Chowan County Public Registry, created a lien upon all of Amburn's and Gardner's interest in the property described therein. At the time of execution the property described in the deed of trust was owned by Judy H. Earnhardt (now Adams), Amburn and Gardner as tenants in common.

On 26 August 1983, plaintiff docketed a $150,000 judgment against Amburn individually in the Chowan County Clerk of Court's office. After this judgment was docketed, the tenants in common desired to sell part of the property described in the

above deed of trust. They could not convey clear title, however, because of plaintiff's judgment. Thus on 15 March 1984 the substitute trustee instituted foreclosure proceedings against Amburn's interest in the property. This would enable the tenants in common along with the purchaser at the foreclosure sale to convey the property free of plaintiff's subsequently recorded judgment.

Because the prospective buyers desired to purchase only portions of the property described in the deed of trust, the substitute trustee instituted foreclosure proceedings upon two parcels only. He sold both parcels to Burroughs, the mortgagee and highest bidder at the foreclosure sale. Plaintiff was served with notice of the foreclosure sale approximately one month before it was held.

After the final account was filed and approved, the parties discovered that the substitute trustee had sold both parcels without providing any means of access to them. The substitute trustee therefore instituted a second foreclosure proceeding on the same purchase money note and deed of trust. This proceeding sought to foreclose Amburn's interest in two additional parcels of the unsold property. These parcels were both access strips sixty feet in width. The substitute trustee claimed authority to foreclose on these two access strips because the first foreclosure sale had fallen approximately $2,000 short of satisfying the outstanding balance of the debt, plus expenses. Plaintiff was again served with notice of the foreclosure sale approximately one month before the sale.

Burroughs purchased both access strips at the second foreclosure sale. He then, along with the remaining tenants in common, sold both original parcels along with their respective access strips. Golden Corral Corporation bought one of the parcels and an easement over the sixty foot access strip for $38,317.50. Golden Corral Realty Corporation has since constructed improvements on the parcel costing in excess of $300,000. Edenton Housing Partnership purchased the other original parcel together with its access strip for approximately $63,000. Housing units have been constructed on this parcel and a paved street placed on the sixty foot access strip.

Amburn filed bankruptcy on 7 February 1985. Plaintiff attempted to collect its $150,000 judgment in the bankruptcy pro-

ceeding. After failing to obtain full satisfaction, plaintiff filed this action seeking a declaratory judgment declaring the second foreclosure sale of the access strips void and attempting to establish its right to execute upon Amburn's interest in them. Defendants filed motions for summary judgment and answers to the complaint denying that plaintiff had a right to execute on the access strips. Defendants also alleged laches and estoppel as affirmative defenses. The trial court granted summary judgment in favor of defendants. Plaintiff appeals.

*Trimpi, Thompson & Nash, by Thomas P. Nash, IV and John Trimpi, attorneys for plaintiff-appellant.*

*Shearin & Archbell, by Roy A. Archbell, Jr., attorney for defendant-appellees Golden Corral Corporation and Golden Corral Realty Corporation.*

*Hornthal, Riley, Ellis & Maland, by M. H. Hood Ellis, attorney for defendant-appellees Edenton Housing Partnership and Thurman E. Burnette, Trustee.*

*Earnhardt & Busby, P.A., by Charles T. Busby, attorney for defendant-appellees Charles T. Busby, Substitute Trustee, and Bernard P. Burroughs and wife, Anne J. Burroughs.*

ORR, Judge.

Procedures for conducting foreclosure sales of parts or parcels of real property described in a deed of trust are set out in N.C.G.S. §§ 45-21.8 and 45-21.9. These statutes read as follows:

§ 45-21.8. Sale as a whole or in parts.

(a) When the instrument pursuant to which a sale is to be held contains provisions with respect to whether the property therein described is to be sold as a whole or in parts, the terms of the instrument shall be complied with.

(b) When the instrument contains no provisions with respect to whether the property therein described is to be sold as a whole or in parts, the person exercising the power of sale may, in his discretion, subject to the provisions of G.S. 45-21.9, sell the property as a whole or in such parts or parcels thereof as are separately described in the instrument, or

he may offer the property for sale by each method and sell the property by the method which produces the highest price.

(c) This section does not affect the equitable principle of marshaling assets. (1949, c. 720, s. 1.)

### § 45-21.9. Amount to be sold when property sold in parts; sale of remainder if necessary.

(a) When a person exercising a power of sale sells property in parts pursuant to G.S. 45-21.8 he shall sell as many of such separately described units and parcels as in his judgment seems necessary to satisfy the obligation secured by the instrument pursuant to which the sale is being made, and the costs and expenses of the sale.

(b) If the proceeds of a sale of only a part of the property are insufficient to satisfy the obligation secured by the instrument pursuant to which the sale is made and the costs and expenses of the sale, the person authorized to exercise the power of sale may readvertise the unsold property and may sell as many additional units or parcels thereof as in his judgment seems necessary to satisfy the remainder of the secured obligation and the costs and expenses of the sale. As to any such sale, it shall not be necessary to comply with the provisions of G.S. 45-21.16 but the requirements of G.S. 45-21.17 relating to notices of sale shall be complied with.

(c) When the entire obligation has been satisfied by a sale of only a part of the property with respect to which a power of sale exists, the lien on the part of the property not so sold is discharged.

(d) The fact that more property is sold than is necessary to satisfy the obligation secured by the instrument pursuant to which the power of sale is exercised does not affect the validity of the title of any purchaser of property at any such sale. (1949, c. 720, s. 1; 1975, c. 492, s. 15.)

In order for us to determine whether the trustee properly conducted the second foreclosure sale according to law the record must reflect: (1) whether the deed of trust foreclosed upon expressly authorized the trustee to sell the property in parcels upon

default, or (2) whether the property was actually described in separate parcels in the instrument. The record does not contain a copy of the deed of trust nor a stipulation by the parties as to its contents. Therefore, no evidence was presented upon which we could conclude that the second foreclosure violated any statutory provisions. "There is a presumption of law in favor of regularity in the exercise of the power of sale in a mortgage or deed of trust." *Edwards v. Hair*, 215 N.C. 662, 664, 2 S.E. 2d 859, 860 (1939) (citations omitted).

"Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Colony Hill Condominium I Assoc. v. Colony Co.*, 70 N.C. App. 390, 392, 320 S.E. 2d 273, 275 (1984), *disc. rev. denied*, 312 N.C. 796, 325 S.E. 2d 485 (1985) (citation omitted). On the record as it currently stands, we find no genuine issue of material fact. Plaintiff has failed to show that as a matter of law the substitute trustee conducted the second foreclosure sale improperly. We must conclude therefore that defendants are entitled to a judgment as a matter of law. We affirm the trial court's order granting defendants summary judgment.

Affirmed.

Judge JOHNSON concurs.

Judge PHILLIPS dissents.

Judge PHILLIPS dissenting.

Though the record is not as complete as it might be, that it does not show whether the deed of trust described the separate parcels of encumbered land and expressly authorized the trustee to sell the parcels separately is immaterial in my opinion. For the record we have shows that the Clerk's order of foreclosure is invalid on its face; not because it directed that only a parcel of the encumbered land be sold, but because it directed that only the undivided commonly held interest of one of the two joint mortgage debtors be sold. In pertinent part the pleadings and other parts of the record show that: The mortgaged land was owned in common by the Amburns and the Gardners and the mortgage indebtedness was their common or joint debt; in ordering that only the

Amburns' one-fourth undivided interest in the particular parcel be foreclosed the Clerk did not find either that there had been a division of the jointly held land or that the mortgage debt was severable, but merely found that "the indebtedness was in default" and the noteholder desired to foreclose only upon the interest of the Amburns. Such a tactic by foreclosing parties is not sanctioned by the law, nor should it be; for it would permit them to in effect divide undivided lands held in common and sever a joint indebtedness without complying with the laws pertaining thereto.