672 So.2d 90 (1996)
INTERFIRST FEDERAL SAVINGS BANK, Appellant,
v.
Robert D. BURKE and John A. Causey, Appellees.
No. 95-02575.
District Court of Appeal of Florida, Second District.
April 19, 1996.
*91 Ted B. Edwards and Douglas K. Gartenlaub of Smith, Mackinnon, Harris, Greeley, Bowdon & Edwards, P.A., Orlando, for Appellant.
Louis J. Williams, Lakeland, for Appellee Burke.
John W. Frost, II, and John Marc Tamayo of Frost, O'Toole & Saunders, P.A., Bartow, for Appellee Causey.
BLUE, Judge.
Interfirst Federal Savings Bank appeals from the dismissal with prejudice of its third amended complaint against Robert Burke and John Causey, real estate appraisers. The trial court dismissed the third amended complaint, finding that the appraisers were not liable to Interfirst based on the appraisals' limit of liability clause. Because the trial court's ruling is not supported by the plain language of the liability clause, we reverse.
Burke and Causey performed appraisals of two properties for a mortgage broker. The mortgage broker allegedly supplied Interfirst with the appraisals to secure financing for loan transactions on the properties. After the loans defaulted, Interfirst alleged that it discovered the appraisals overestimated the property values by almost fifty percent, based on inaccurate or non-existent comparable sales data. In its third amended complaint, Interfirst alleged counts for negligence, fraud, and as a third-party beneficiary.
The appraisal contained a section titled "Contingent and Limiting Conditions." Paragraph 8 of this section provides:
Neither all, nor any part of the content of the report, or copy thereof (including conclusions as to the property value, the identity of the Appraiser, professional designations, reference to any professional appraisal organizations, or the firm with which the Appraiser is connected), shall be used for any purposes by anyone but the client specified in the report, the borrower if appraisal fee paid by same, the mortgagee or its successors and assigns, mortgage insurers, consultants, professional appraisal organizations, any state or federally approved financial institution, any department, agency, or instrumentality of the United States or any state or the District of Columbia, without the previous written consent of the Appraiser; nor shall it be conveyed by anyone to the public through advertising, public relations, news, sales, or other media, without the written consent and approval of the Appraiser.
*92 Interfirst contends that paragraph 8 listed the individuals and entities that are permitted to use the appraisal without written consent. As mortgagee, successor or assign, Interfirst argues that it was included in the permitted list of users. Burke and Causey contend, and the trial court agreed, that paragraph 8 precluded anyone but the client from using the report without written consent. On this basis, the trial court dismissed the complaint.
Contract language must be given its plain meaning. Contract clauses that clearly limit liability are valid and enforceable. Eller & Co., Inc. v. Galapagos Line, S.A., 493 So.2d 1061, 1062 (Fla. 3d DCA 1986), review denied sub nom, Assuranceforeningen Gard v. Eller & Co., Inc., 504 So.2d 766 (Fla.1987). Paragraph 8, however, does not clearly limit the liability in this case. To the contrary, it explicitly includes the mortgagee within the permitted group that may use the appraisal without consent. Because the trial court's ruling contravenes the plain language of paragraph 8, the order dismissing Interfirst's complaint is reversed.
Reversed and remanded for further proceedings.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.