823 So.2d 813 (2002)
VENETIAN ISLES HOMEOWNERS ASSOCIATION, INC., Appellant,
v.
Jon E. ALBRECHT, Appellee.
No. 2D01-4408.
District Court of Appeal of Florida, Second District.
July 10, 2002.
Rehearing Denied August 16, 2002.
Michael H. Alden of Law Offices of Michael H. Alden, St. Petersburg, for Appellant.
Steven M. Wilsey of Fisher and Wilsey, P.A., St. Petersburg, for Appellee.
WHATLEY, Judge.
Venetian Isles Homeowners Association, Inc., appeals a final summary judgment finding it lacked the ability to enforce restrictive covenants. Specifically, the final judgment found that the restrictive covenants had expired January 1, 1990. We reverse.
In 1997, Jon E. Albrecht purchased property in the subdivision covered by the restrictive covenants, which were duly recorded in the public records of Pinellas County. Albrecht built a wall that allegedly violates height and location requirements of the restrictive covenants. Thereafter, Venetian Isles brought an action against Albrecht, alleging that his property *814 was in violation of the restrictive covenants.[1]
Albrecht filed a motion for summary judgment, arguing that the following language in the restrictive covenants precluded their extension beyond the stated term:
The restrictions hereby established shall run with the land and be binding on Robert E. Lee and Company Inc. and its successors and assigns and upon any and all persons and parties who may hereafter purchase, own or occupy any lot or lots within said subdivision up to and including January 1, 1990, unless sooner altered, modified or terminated as herein otherwise prescribed, and may be enforced by any owner of any lot in this subdivision.
In granting summary judgment, the trial judge found that the word "modified" in the above paragraph did not include the ability to extend the restrictive covenants beyond January 1, 1990. We disagree.
We would note that nothing in any other provision of the restrictive covenants alters our decision. "Contract language must be given its plain meaning." Interfirst Fed. Sav. Bank v. Burke, 672 So.2d 90, 92 (Fla. 2d DCA 1996). See also Madson v. Madson, 636 So.2d 759, 761 (Fla. 2d DCA 1994). The extension of the duration of the restrictive covenants is by plain meaning a modification thereof. Consequently, the restrictive covenants could be extended beyond January 1, 1990.
Accordingly, we reverse the final order of summary judgment entered in this cause and remand for proceedings consistent with this opinion.
SALCINES, J., Concurs.
BLUE, C.J., Concurs in part and dissents in part.
BLUE, Chief Judge, Concurring in part and dissenting in part.
I concur in part and respectfully dissent in part. I agree that the summary judgment should be reversed, but I conclude that the word "modified" in the restrictive covenants is ambiguous concerning the question of extending the covenants beyond the stated termination date. For this reason, I dissent from this court's holding that the plain meaning of "modified" permits the extension of the covenants. I am persuaded in part by the inclusion in the covenants of a provision for termination without a corresponding express provision for extension. I would remand for the purpose of a hearing to allow each party to present parol evidence on the intent of the questioned language.
NOTES
[1] These and other factual matters remain for the trial court to resolve.