631 S.E.2d 539

Dale A. HARDY, Lawrence J. Kukulski, Patricia A.
Kukulski, and Grace G. Stegall, Respondents,

v.

Millicent O. AIKEN, William R. Aiken, Virginia N. Baillie, Mary
R. Ballenger, Richard C. Ballenger, Deane Fant Camak, Joseph
Boyd Camak, Nancy L. Hearn, Rozlyn S. Hood, William C.
Hood, Yvonne R. Jeffcoat, Rajeev Malik, Mary Alice N. Terry,
and Ellen L. Ware, Defendants,

Of whom Yvonne R. Jeffcoat is the, Appellant.

No. 26130.

Supreme Court of South Carolina.

Heard Feb. 14, 2006.
Decided June 12, 2006.

162

James B. Richardson, Jr., of Richardson & Birdsong, of Columbia; and Samuel F. Albergotti, of Jones, Spitz, Moorhead, Baird & Albergotti, P.A., of Anderson, for Appellant.

Harold P. Threlkeld, of Anderson, for Respondents.

Acting Justice HAYES:

The special referee found the duration of the restrictive covenants on the parties' property could not be extended by amendment and expired January 14, 2005. This case was certified for review pursuant to Rule 204(b), SCACR, and we now affirm.

## FACTUAL/PROCEDURAL BACKGROUND

In 1971, J. Donald King, Sr. subdivided a tract of land adjacent to Highway 81 into ten separate parcels—referred to as Lots 1–8 and Tracts A and B. On September 13, 1979, restrictive covenants applying to Lots 1–7 and Tracts A and B were recorded.[1] On January 14, 1980, these restrictive covenants were re-recorded.

---

1. For some undisclosed reason, Lot 8 was not subjected to these restrictive covenants.

Among other things, the restrictive covenants prohibited the commercial use of the land. The restrictive covenants were to "run with the land and [ ] be binding on all parties and all persons claiming under them for a period of 25 years from the date these Covenants are recorded." Thus, the restrictive covenants were to expire January 14, 2005.

One provision in the covenants provided for amendments to the restrictive covenants as follows:

*Change of Restrictions.* Any change or amendment of these restrictions shall be made only by an instrument in writing signed by a majority of the heads of household owning lots in said subdivision.

In 1987, King subdivided Tract A into lots A–F and designated them as the Marcdon Place subdivision. On May 20, 1987, a separate set of restrictive covenants was filed for Marcdon Place. Among other things, these restrictive covenants prohibited the commercial use of the land until May 20, 2012.

In the 1970s, Highway 81 was a two-lane road. Later, it was enlarged to four lanes to connect downtown Anderson to I–85. In recent years, there has been significant commercial development along Highway 81.

Part of Lot 1 and Lots 5 and 7 have houses on them, and Lots 2, 3, 4, and 6 remain undeveloped.[2] Five of the Marcdon Place lots have houses on them. At the hearing, the current homes were described as high end homes with an average value of $500,000. The respondents, the seven owners of lots 1–6,[3] have proposed developing their property for commercial use. The defendants, the eight owners of lots A–F in Marcdon Place (previously Tract A), Tract B, and Lot 7, oppose any commercial development.[4]

On December 20, 2002, the respondents filed a document purporting to cancel the restrictive covenants. The document recited the amendment provision and stated the majority of the heads of household wanted to cancel the restrictive cove-

---

2. Lot 1 was subdivided into two lots in 1986.

3. There were seven owners because Lot 1 was subdivided into two lots.

4. We note not all of the defendants are participating in this appeal.

nants. Four months later, on April 25, 2003, the defendants filed a document amending the restrictive covenants by extending the covenants' expiration date to September 13, 2029.[5]

The respondents sought a declaratory judgment stating the restrictive covenants expired September 13, 2004, and thus are now unenforceable.[6] Defendant/Appellant Yvonne Jeffcoat filed a cross-claim and a counterclaim requesting a declaratory judgment stating the amendment extended the restrictive covenants until September 13, 2029.

The special referee found the amendment provision in the restrictive covenants ambiguous. He specifically held the amendment provision in the covenants did not expressly allow the amendment of the duration of the covenants. Strictly construing the amendment provision, the special referee held the restrictive covenants expired January 14, 2005, and could not be extended by agreement of less than 100% of the owners. Jeffcoat appeals.

## ISSUE

Did the special referee err in finding the restrictive covenants could not be amended?

## LAW/ANALYSIS

### Standard of Review

 The appellant contends the standard of review is de novo. The respondents, however, argue the standard of review is "any evidence." We find the proper standard of review is de novo.

Both sides agree "[a] suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue." *Felts v. Richland County*, 303 S.C.

---

5. Of the defendants, only Yvonne Jeffcoat appeals.

6. Plaintiffs Lawrence and Patricia Kukulski originally were the only plaintiffs. The special referee realigned the parties. Afterwards, in addition to the Kukulskis, the plaintiffs included Dale Hardy and Grace Stegall. The defendants were Millicent and William Aiken, Virginia Baillie, Mary and Richard Ballenger, Nancy Hearn, Rozlyn and William Hood, Yvonne Jeffcoat, Deanne and Joseph Camak, Rajeev Malik, Mary Alice Terry, and Ellen Ware.

354, 356, 400 S.E.2d 781, 782 (1991). The respondents contend this action's underlying issue is an action to construe a contract. However, the appellant argues the underlying issue is one to enforce restrictive covenants which is in equity.

"The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a judge without a jury." *Slear v. Hanna,* 329 S.C. 407, 410, 496 S.E.2d 633, 635 (1998). However, the determination of the scope of the easement is a question in equity. *Tupper v. Dorchester County,* 326 S.C. 318, 323, 487 S.E.2d 187, 190 (1997). While this action potentially may require the Court to construe a contract, the underlying action is a declaratory action to declare whether the restrictive covenants are enforceable after January 14, 2005. Accordingly, we hold the proper scope of review is de novo.

## Discussion

The special referee held the general amendment provision is ambiguous as to whether it includes the power to amend the duration of the restrictive covenants. He then strictly construed the amendment provision in favor of free use of the property and held the duration could not be extended. The appellant contends the special referee erred in finding the provision ambiguous and in holding it includes the amending of the duration of the restrictive covenants. We disagree.

A restrictive covenant is ambiguous when its terms are reasonably susceptible of more than one interpretation. *South Carolina Dep't of Natural Resources v. Town of McClellanville,* 345 S.C. 617, 550 S.E.2d 299 (2001). On one hand, the amendment provision states "*any* change or amendment" can be made. (Emphasis added). On the other hand, the restrictive covenants clearly state they expire in twenty-five years and there is no express provision allowing for an amendment to extend the duration of the restrictive covenants. We find the amendment provision ambiguous as to

whether "any change or amendment" includes an extension of the duration of the restrictive covenants.[7]

■ The appellant then contends if the provision is deemed ambiguous, it should be interpreted to allow an amendment of the duration of the restrictive covenants. We disagree.

■ "[A] restriction on the use of the property must be created in express terms or by plain and unmistakable implication, and all such restrictions are to be strictly construed, with all doubts resolved in favor of the free use of property." *See Hamilton v. CCM, Inc.*, 274 S.C. 152, 157, 263 S.E.2d 378, 380 (1980). The Court is to construe any ambiguity in favor of limited duration and against restricting property. Restrictions on the use of property will be strictly construed with all doubts resolved in favor of free use of the property, although the rule of strict construction should not be used to defeat the plain and obvious purpose of the restrictive covenants. *Taylor v. Lindsey*, 332 S.C. 1, 4, 498 S.E.2d 862, 863 (1998). Restrictive covenants are contractual in nature. *Hoffman v. Cohen*, 262 S.C. 71, 75, 202 S.E.2d 363, 365 (1974). The language of a restrictive covenant is to be construed according to the plain and ordinary meaning attributed to it at the time of execution. *Taylor*, 332 S.C. at 4, 498 S.E.2d at 864.

Here, the restrictive covenants had a clear expiration date, and there was no express provision for their extension. Further, strictly construing the general amendment provision and resolving any doubts in favor of the free use of the property, we hold the amendment provision does not allow extending the duration of the restrictive covenants. Accordingly, the purported amendment is invalid and the restrictive covenants expired January 14, 2005.

---

7. We note that amendment provisions similar to the one here have been interpreted differently in different jurisdictions. *See, e.g., Allen v. Sea Gate Ass'n*, 119 N.C.App. 761, 460 S.E.2d 197 (1995)(holding the duration of restrictive covenants cannot be extended, unless the restrictive covenants clearly authorize it); and *Venetian Isles Homeowners Ass'n, Inc., v. Albrecht*, 823 So.2d 813 (Fla.Dist.Ct.App.2002)(holding the general power to modify restrictive covenants includes the power to extend the duration).

## CONCLUSION

For the foregoing reasons, we affirm the special referee's order.

TOAL, C.J., MOORE, BURNETT, and PLEICONES, JJ., concur.