THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Case No.:
 2006-CP-07-01418 BillyBobs Marina, Inc., d/b/a Outdoor Resort and Yacht
 Club, Appellant,
 v.
 Dwight
 Blakeslee, Respondent.
 Case No.: 
 2006-CP-07-01477 BillyBobs Marina, Inc., d/b/a Hilton Head Harbor RV Resorts and Marina, Appellant,
 v.
 George Martin, Respondent.
 
 
 

Appeal From Beaufort County
 Ellis B. Drew, Jr., Special Circuit Court
 Judge
Unpublished Opinion No.  2008-UP-332
Submitted June 1, 2008  Filed July 1,
 2008  
AFFIRMED

 
 
 
 James B. Richardson, Jr., of Columbia and James O. Hale, of Hilton Head Island, for Appellant.
 John R. C. Bowen, of Hilton Head Island, for Respondents.
 
 
 

PER CURIAM: 
 BillyBobs Marina, Inc., d/b/a Outdoor Resort and Yacht Club (BillyBob), filed
 these actions against Dwight Blakeslee and George Martin.  The trial court
 granted summary judgment to Blakeslee and Martin.  BillyBob appeals.  We
 affirm.[1]
FACTS[2]
Outdoor
 Resorts RV Resort and Yacht Club (the Development) is a recreational vehicle
 (RV) resort and marina located on Jenkins Island in Beaufort County.  From the Developments inception in 1981, it has consisted of several separate areas
 including a marina, the resort including 200 lots with parking pads for RVs
 (lots), and a real estate and rental management business.  The Development, a
 South Carolina General Partnership, developed the resort and owned the marina
 and rental management business.  In June 1981, the Declaration of Covenants
 and Restrictions for Outdoor Resorts, R.V. Resort and Yacht Club and Provisions
 for the R.V. Resort and Yacht Club Owners Association, Inc. (the Covenants)
 were recorded.   
The
 Covenants provide the Developer has the exclusive right to rent lots belonging
 to the individual owners within the resort when not occupied by the owner(s)
 and his or her guest(s) at the scheduled rate promulgated by the Developer. 
 The Covenants further provide the Developer shall retain fifty percent of
 rental collected on any Lot and remit the remaining fifty percent to the lot
 owner.     
On
 August 31, 1999, BillyBob purchased the marina and rental management
 businesses, real estate in the Development, and the Developers right to rent
 lots.  Based on BillyBobs changes in restrictions and fee collections, the
 Association and several lot owners filed an action alleging, inter alia,
 BillyBob violated the Covenants.  BillyBob counterclaimed asserting numerous
 violations of the Covenants including Blakeslees alleged violation of a
 covenant restricting permanent residences in the resort.  The referee found, inter
 alia, Blakeslee was not in violation
 of the Covenants.  BillyBob appealed to this court, and in RV Resort v. BillyBobs Marina, Inc., this court affirmed the referees finding.
During
 the pendency of that action, BillyBob filed these actions, again alleging Blakeslee was in violation of the covenant
 restricting permanent residences.  BillyBob likewise alleged Martins use
 violated the Covenants.  In separate orders, the trial court found neither Blakeslee
 nor Martin violated the Covenants.  The trial court also awarded Blakeslee and
 Martin attorneys fees and costs.  BillyBob appeals.
STANDARD OF REVIEW
The character of an action as legal or equitable depends on the
 relief sought.  Cedar Cove
 Homeowners Assn v. DiPietro, 368 S.C. 254, 258, 628 S.E.2d 284, 286 (Ct. App. 2006).  An action to enforce restrictive covenants by injunction is an equitable action.  South Carolina Dept of Natural Res. v. Town of McClellanville, 345 S.C. 617,
 622, 550 S.E.2d 299, 302 (2001).  In an action in equity, we may find facts in accordance with our
 own view of the evidence.  Id.  As a practical matter, however, we . . . defer to the good judgment of the trial court who heard and observed the witnesses.  Costa &
 Sons Constr. Co. v. Long, 306 S.C. 465, 468, 412 S.E.2d 450, 452 (Ct. App.
 1991).
LAW/ANALYSIS

BillyBob
 argues the trial court erred in finding the Covenants do not prohibit lot
 owners from permanently residing on their lots.  We disagree.  

 Article
 VIII, section 8.1, of the Covenants states: 
 
 It is the specific intent of this Declaration to
 create and maintain a lu[x]ury resort for recreation vehicles and to prohibit
 permanent or semi-permanent structures as well as any structure or vehicle
 which is used as, or designed for use as, permanent living quarters on any Lot.  In that regard, all Lots . . . shall be reserved and restricted for recreation
 campsites and camping vehicles, including . . . modern travel trailers . . .
 and other similar types of camping trailers and equipment that are mobile. . .
 .  Lot Owners . . . are prohibited from erecting or placing on any Lot any permanent or semi-permanent structure or any vehicle which is designed as permanent
 living quarters, which prohibited structures include, without limitation, the
 following:  (a) screen rooms, carport, metal awnings . . . ; (b) travel
 trailers longer than thirty-five (35) feet . . . ; (c) mobile homes; (d) any
 structure which cannot be transported within the pulling vehicle . . . ; (e)
 any structure placed on the Lot on blocks . . . ; (f) any structure not
 intended to be temporary, that is, any structure intended not to be readily
 movable; and (g) any structure designed, intended or used as permanent living
 quarters.  Provided, this paragraph is not intended to prohibit or limit the
 utilization of otherwise permissible recreation vehicles as described above . .
 . .  It is the declared intent of the Developer to exclude mobile homes from
 being placed on any Lot, and to create and maintain an area designated for
 maximum beauty and benefit of campers. 
 

Blakeslee
 and Marvin own travel trailers that are not restricted by the Covenants. 
 BillyBob presented evidence that Blakeslee lives exclusively in his travel
 trailer, resided for more than twelve consecutive months on his lot in the
 resort, and claimed the homestead exemption for his lot.  See S.C. Code
 Ann. § 12-37-250 (Supp. 2007) (providing real estate taxation relief for
 dwelling place).  BillyBob likewise alleged Martin used his lot as permanent
 living quarters.[3] 
 BillyBob relies on the language prohibiting permanent living quarters to
 argue the Covenants restrict the amount of time a Lot owner may spend on his or
 her lot.   
Restrictive
 covenants are contractual in nature and rules of contract interpretation
 apply.  Hardy v. Aiken, 369 S.C. 160, 166, 631 S.E.2d 539, 542 (2006). 
 However, restrictions on the use of property are strictly construed with all
 doubts resolved in favor of the free use of property.  Id.  
Reading
 Article VIII, section 8.1, of the Covenants as a whole, we agree with the trial
 court that the covenant is intended to exclude mobile homes and permanent
 structures so as to prevent the resort from becoming a mobile home park.  The
 Covenants do not place any limit on the amount of time owners may use or occupy
 their lots. We do not read the language prohibiting permanent living quarters
 as restricting an owners use of their lot to a certain period of time when
 they are using an otherwise acceptable vehicle on the lot.  We find support for
 this interpretation in the Covenants provision stating: this paragraph is not
 intended to prohibit or limit the utilization of otherwise permissible
 recreation vehicles . . . . It is the declared intent of the Developer to
 exclude mobile homes from being placed on any Lot, and to create and maintain
 an area designated for maximum beauty and benefit of campers.  Accordingly, we
 find the trial court did not err in finding the Covenants do not prohibit lot
 owners from permanently residing on their lots.
BillyBob also
 argues the award of attorneys fees and costs should be reversed if we reverse
 the trial courts orders finding Blakeslee and Martin did not violate the
 Covenants.  Because we affirm said orders, we likewise affirm the orders
 granting attorneys fees and costs. 
For the foregoing
 reasons, the orders on appeal are
AFFIRMED.
HEARN, C.J., and
SHORT and KONDUROS, JJ., concur. 

[1]  We
decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  Some of the facts in this case are as reported
 in RV Resort v. BillyBobs Marina, Inc., Op. No. 2007-UP-556 (S.C. Ct. App. filed Dec. 14, 2007).
[3]  Martin presented evidence he does not
 permanently reside on the lot but travels throughout the year in the trailer
and also travels to a home in England.