THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John D. Austin, Respondent,
 
 
 

v.

 
 
 
 Jane Harden Stone, Appellant.
 
 
 

Appeal From Richland County
Joseph M. Strickland, Circuit Court Judge

Unpublished Opinion No. 2012-UP-060
 Heard December 7, 2011  Filed February 1,
2012    

AFFIRMED

 
 
 
 William E. Booth, III, of West Columbia,
 for Appellant.
 Ronald R. Hall, of West Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Jane Harden Stone appeals the ruling of the
 Master in Equity granting a 20 foot wide easement to John D. Austin over,
 through and across Stone's property.  We affirm.
1) As to Stone's
 argument that the master erred in establishing the width of the prescriptive
 easement at 20 feet, no evidence was presented that the width should be 12.5
 feet and plats were presented that showed the easement was 20 feet.
2) As to Stone's
 argument that the master erred in finding Austin's use of the drive was not
 permissive, there was sufficient evidence for the master to find a prescriptive
 easement by claim of right for Austin.  The totality of circumstances
 established his claim of right.  See Hartley v. John Wesley United
 Methodist Church of John's Island, 355 S.C. 145, 151, 584 S.E.2d 386, 389 (Ct.
 App. 2003) (stating that for a party to earn a prescriptive easement under
 claim of right he must show that he had the right to use the road based on
 totality of the circumstances).
3) As to Stone's
 argument that the master erred in finding that Austin showed continuous and
 uninterrupted use of the entire driveway for 20 years, the master found that
 the requirement of 20 years continuous use had been met by Austin since he
 purchased the property in 1980.  See Matthews v. Dennis, 365 S.C.
 245, 249, 616 S.E.2d 437, 439 (Ct. App. 2005) (stating that the establishment
 of a prescriptive easement requires the continued and uninterrupted use of the
 right for 20 years).  The determination of the existence of an easement is a
 question of fact in an action at law.  See Hardy v. Aiken, 369 S.C. 160,
 165, 631 S.E.2d 539, 541 (2006) (stating the existence of an easement is
 determined by an action at law).  The findings of the judge in a case at law
 will not be disturbed upon appeal without evidence to support the judge's
 finding.  See Townes Assocs., Ltd. v. City of Greenville, 266
 S.C. 81, 86, 221 S.E.2d 773, 775 (1976) (stating findings of fact by a judge
 are not disturbed on appeal unless found to be without evidence to support the
 findings).

4) As to Stone's
 argument that the terminus of the easement was owned by SCE&G, there was no
 finding by the master on this issue therefore it was not preserved for appeal.  See Elam v. S.C. Dep't of Transp., 361 S.C. 9, 23, 602 S.E.2d
 772, 779-80 (2004) (stating that an issue must be raised and ruled on to be
 preserved for appeal).
5) The final
 argument by Stone was that the master erred in granting a prescriptive easement
 because the evidence showed that the easement did not have one of its termini
 in the dominant property.  Stone did not
 ask the master to hold that if an easement did exist, it was in gross rather
 than appurtenant.  Accordingly, the master did not need to consider whether the
 easement had one terminus on Austin's land.  See Windham v. Riddle,
 381 S.C. 192, 201-202, 672 S.E.2d 578, 583 (2009) (stating "an appurtenant
 easement inheres in the land, concerns the premises, has one terminus on the
 land of the party claiming it, and is essentially necessary to the enjoyment
 thereof," and "[u]nless an easement has all the elements necessary to
 be an appurtenant easement, it will be characterized as a mere easement in
 gross.").  
AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.