**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ted Adams and Bonnie Adams, Appellants,

v.

Louis Nexsen and McCager Alexander, Respondents.

Appellate Case No. 2011-187748

---

Appeal From Oconee County
Ellis B. Drew, Jr., Master-in-Equity

---

Unpublished Opinion No. 2013-UP-384
Submitted August 1, 2013 – Filed October 9, 2013

---

**AFFIRMED**

---

Ted Adams and Bonnie Adams, both of Anderson, pro se.

Robert Patrick Lusk, of Kenyon, Lusk & Anderson, of Anderson, for Respondent McCager Alexander; and Louis Nexsen, of Pinopolis, pro se.

---

**PER CURIAM:** Ted Adams and Bonnie Adams (the Adams) appeal an order from the master-in-equity, arguing the master erred in denying reasonable court costs and their claims for actual, punitive, and treble damages. We affirm.

1. We find the master did not err in awarding $528.50 in reasonable court costs to the Adams. Although the Adams allege the master erred in denying reasonable court costs, they abandoned this issue by failing to cite to any law or authority in support of their argument. *See D.R. Horton, Inc. v. Wescott Land Co., LLC*, 398 S.C. 528, 548-49, 730 S.E.2d 340, 350-51 (Ct. App. 2012) (holding an appellant abandoned an issue by failing to cite any law or authority in support of their argument and making only conclusory arguments).

2. We find the master properly denied damages to the Adams. Alexander Farm Road runs through McCager Alexander's and Louis Nexsen's properties and delineates their property line. The properties of all three parties, including the Adams, were once owned by the same person as one tract of land. The Adamses' recorded deed from 1998 references a recorded plat, which depicts an easement named Alexander Farm Road. The master concluded the Adams acquired a prescriptive easement on Alexander Farm Road by either adverse use or by claim of right and the easement met the requirements of an easement from necessity. However, the master found neither the Adams, Nexsen, nor Alexander could recover damages because all parties were at fault for placing gates or obstacles to block the easement.

"The determination of the existence of an easement is a question of fact in a law action and subject to an any evidence standard of review when tried by a [circuit court] without a jury." *Hardy v. Aiken*, 369 S.C. 160, 165, 631 S.E.2d 539, 541 (2006) (citation omitted). "Our scope of review for a case heard by a [m]aster-in-[e]quity who enters a final judgment is the same as that for review of a case heard by a circuit court without a jury." *Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989). "In an action at law, we will affirm the master's factual findings if there is any evidence in the record which reasonably supports them." *Query v. Burgess*, 371 S.C. 407, 410, 639 S.E.2d 455, 456 (Ct. App. 2006) (citation and internal quotation marks omitted).

Here, the record contains evidence to support the master's finding that all parties were at fault for obstructing the easement. *See id.* Although Alexander and Nexsen dumped gravel and rocks on the road two times, the Adams admitted to building at least three different obstructions that prevented Alexander and Nexsen from using Alexander Farm Road. Specifically, the Adams installed steel posts, chain link gates, and a steel gate with a combination lock on Alexander Farm Road. Accordingly, we hold the record supports the master's findings.

**AFFIRMED.**[1]

**HUFF, GEATHERS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.