**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Catwalk, LLC; Moondog, LLC; LET, LLC; Lost Parrot, LLC; Vacation Inn, LLC; SBM, LLC; and South Beach Swimming Pool, Inc, Appellants,

v.

Sea Pines South Beach Owners' Association, Inc., Respondent.

Appellate Case No. 2016-000637

―――――――――

Appeal From Beaufort County
Marvin H. Dukes, III, Master-in-Equity

―――――――――

Unpublished Opinion No. 2018-UP-069
Heard December 12, 2017 – Filed February 7, 2018

―――――――――

**AFFIRMED**

―――――――――

Curtis Lee Coltrane, of Coltrane & Wilkins, LLC, of Hilton Head Island, for Appellants.

John Michael Jordan and Kirsten Elena Small, both of Nexsen Pruet, LLC, of Greenville, for Respondent.

―――――――――

**PER CURIAM:** Catwalk, LLC; Moondog, LLC; Let, LLC; Lost Parrot, LLC; Vacation Inn, LLC; SMB, LLC; and South Beach Swimming Pool, Inc. (collectively, Appellants) appeal the Master-in-Equity's grant of summary judgment in favor of Sea Pines South Beach Owners Association (the Association) declaring property owned by Appellants is subject to covenants created in 1973 (1973 Commercial Covenants), as well as covenants previously created in 1970 (1970 Covenants). We affirm.[1]

1. Appellants' argue the "sole applicable" language used in the 1973 Commercial Covenants is plain language that precluded application of the 1970 Covenants to their property. We disagree.

The 1973 Commercial Covenants expressly acknowledge the existence and possible applicability of other covenants by indicating if there is conflict between covenants, the 1973 Commercial Covenants are controlling. In light of these seemingly inconsistent provisions within the document, the master did not err in not finding the use of "sole applicable" was controlling plain language sufficient to preclude application of the 1970 Covenants. *See Hardy v. Aiken*, 369 S.C. 160, 166, 631 S.E.2d 539, 542 (2006) ("Restrictive covenants are contractual in nature."); *Taylor v. Lindsey*, 332 S.C. 1, 4, 498 S.E.2d 862, 863-64 (1998) ("[T]he paramount rule of construction is to ascertain and give effect to the intent of the parties as determined from the whole document." (quoting *Palmetto Dunes Resort v. Brown*, 287 S.C. 1, 336 S.E.2d 15 (1985))).

2. Appellants further argue section 15-3-380 of the South Carolina Code (2005) applies to this case. They maintain the Association is, for the first time in more than forty years, asserting an "interest" in their properties by claiming it is subject to the 1970 Covenants.[2] We disagree.

---

[1] Appellants also appeal the denial of their own summary judgment motion as to the applicability of the subject covenants. However, the denial of summary judgment is not immediately appealable. *See Ballenger v. Bowen*, 313 S.C. 476, 476, 443 S.E.2d 379, 380 (1994) ("This [c]ourt has repeatedly held that the denial of summary judgment is not directly appealable.").

[2] Section 15-3-380 provides:

> No action shall be commenced in any case for the
> recovery of real property or for any interest therein
> against a person in possession under claim of title by

No South Carolina case suggests an "interest" in property includes the type of claim at issue in this case, and we decline to extend the statute thusly. Additionally, the 1970 Covenants contain a nonwaiver provision,[3] meaning the Association's action or inaction in enforcing the 1970 Covenants against Appellants' properties is not germane to a determination of their applicability.

3. Finally, Appellants contend they presented a scintilla of evidence the 1970 Covenants do not apply to their properties, thereby precluding summary judgment. Again, we disagree.

"[I]n cases applying the preponderance of the evidence burden of proof, the non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment." *Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009). "In determining whether summary judgment is appropriate, the evidence and its reasonable inferences must be viewed in the light most favorable to the nonmoving party." *Dawkins v. Fields*, 354 S.C. 58, 69, 580 S.E.2d 433, 439 (2003). The conflicting language used in the 1973 Commercial Covenants could give rise to differing inferences. However, because the 1970 Covenants were specifically included in subsequent deeds of conveyance,[4] the only *reasonable* inference is the 1970 Covenants remain in effect as to Appellants' properties.

---

virtue of a written instrument unless the person claiming, his ancestor or grantor, was actually in the possession of the same or a part thereof within forty years from the commencement of such action. And the possession of a defendant, sole or connected, pursuant to the provisions of this section shall be deemed valid against the world after the lapse of such a period.

[3] The 1970 Covenants contain a nonwaiver provision: "failure by the Association or any Owner or the Company to enforce any covenant or restriction herein contained for any period of time shall in no event be deemed a waiver or estoppel of the right to enforce same thereafter."

[4] Appellants' titles, with the exception of South Beach Swimming Pool, Inc., trace back to a 1984 deed of conveyance between Sea Pines Plantation Company and South Beach Marina Village, a partnership. The 1984 deed specifically incorporates the 1970 Covenants and the 1973 Commercial Covenants. The property owned by South Beach Swimming Pool, Inc. was conveyed by a 1987

**AFFIRMED.**

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

deed which specifically incorporated the 1970 Covenants and 1973 Commercial Covenants.