**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carol P. Marsh, Harold S. Buie, and Agnes K. Buie, Respondents,

v.

Robert Pierson, ABC Care Inc., and Lake Wood Lane Properties, Inc., Appellants,

v.

Paul E. Hill and Vera H. Hill, Third Party Defendants.

Appellate Case No. 2016-001005

———————

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

———————

Unpublished Opinion No. 2018-UP-122
Submitted February 1, 2018 – Filed March 21, 2018

———————

**AFFIRMED**

———————

Randall Scott Hiller, of Greenville, for Appellants.

Brian Keith James, of Brian K. James, LLC, of Easley, for Respondents.

———————

**PER CURIAM:** Robert Pierson, ABC Care, Inc., and Lake Wood Lane Properties, Inc. (collectively, Appellants) appeal a permanent injunction granted to Carol P. Marsh, Harold S. Buie, and Agnes K. Buie (collectively, Respondents) enforcing a restrictive covenant against the construction of more than one residence on a subdivided lot. Appellants argue (1) Respondents had unclean hands and were therefore not entitled to injunctive relief; (2) the circuit court, in issuing the injunction, improperly disregarded the absence of evidence that Respondents would suffer irreparable harm if the injunction was denied; (3) the circuit court failed to balance the equities between the parties before deciding to grant the injunction; and (4) the injunction was unsupported by evidence and controlled by an error of law. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *First Union Nat'l Bank of S.C. v. Soden*, 333 S.C. 554, 568, 511 S.E.2d 372, 379 (Ct. App. 1998) ("The doctrine of unclean hands precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant. The decision to grant equitable relief is in the discretion of the [circuit court].").

As to Issue 2: *Hunnicutt v. Rickenbacker*, 268 S.C. 511, 515-16, 234 S.E.2d 887, 889 (1977) ("The issuance of a mandatory injunction depends upon the equities between the parties, and it rests in the sound judicial discretion of the court whether such an injunction should be granted. Where a great injury will be done to the defendant, with very little if any [benefit] to the plaintiff, the courts will deny equitable relief.").

As to Issue 3: *Kinard v. Richardson*, 407 S.C. 247, 267, 754 S.E.2d 888, 899 (Ct. App. 2014) ("Because an action seeking an injunction to enforce restrictive covenant sounds in equity, upon a finding that a restriction has been violated, a court may not enforce the restriction **as a matter of law** but must consider equitable doctrines asserted by a party when deciding whether to enforce the covenant."); *Sea Pines Plantation Co. v. Wells*, 294 S.C. 266, 274, 366 S.E.2d 891, 896 (1987) ("Although the issuance of a mandatory injunction depends upon the equities between the parties, the decision of whether to issue such relief rests in the court's discretion."); *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 393, 680 S.E.2d 289, 291 (2009) (holding if a party against whom a restrictive covenant is enforced was on notice of the covenant when the party acquired the subject property, it would be inequitable to consider that party's financial loss in purchasing and improving the subject property).

As to Issue 4: *Hardy v. Aiken*, 369 S.C. 160, 166, 631 S.E.2d 539, 542 (2006) ("Restrictions on the use of property will be strictly construed with all doubts resolved in favor of free use of the property, although the rule of strict construction should not be used to defeat the plain and obvious purpose of the restrictive covenants."); *id.* ("The language of a restrictive covenant is to be construed according to the plain and ordinary meaning attributed to it at the time of execution.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS AND KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.