0523

Linda THOMAS and William H. Thomas, III, by his Guardian *ad Litem*, Linda Thomas, Appellants, v. William H. THOMAS, Jr. and Larry Freeman, Defendants, and Sarah Annie Thomas, Third-Party Defendant, of whom, Larry Freeman is Respondent.

(333 S. E. (2d) 76)

Court of Appeals

*John P. Gardner, Jr.,* Darlington, *for appellants.*

*David L. Lyle, Jr.,* Columbia, *for respondent.*

Submitted May 20, 1985.

Decided July 10, 1985.

*Per Curiam:*

This case arises out of a dispute over an interest in property claimed by both appellant Linda Thomas for her minor son and respondent Larry Freeman. The circuit court granted summary judgment in favor of Freeman and Linda Thomas appeals. We affirm.

Our review focuses on whether the pleadings and affidavits in the case reveal a genuine dispute of a material fact as to Freeman's entitlement to the property, and, if not, whether the court correctly applied the law relative to bona fide purchasers for value without notice to the facts before it.

The complaint alleges that during the marriage between appellant Linda Thomas and defendant William Thomas, Jr., William acquired the property in dispute from his aunt,

defendant Sarah Thomas. When the Thomases divorced in January, 1980, the court ordered William Thomas to convey the property to the parties' minor son when certain conditions occurred.

On August 8, 1980, however, William Thomas conveyed the property back to his aunt in satisfaction of her purchase money mortgage. Sarah Thomas recorded her deed. Some two weeks later, she executed a general power of attorney to Timmons Thomas. The document was recorded in the clerk's office. Timmons Thomas then conveyed the property to the respondent, Larry Freeman. Freeman recorded his deed on October 1, 1980.

The complaint also alleges that Larry Freeman took title with knowledge of the terms of the judgment of divorce because his attorney, Jacob Jennings, was notified of its terms by the appellant's attorney prior to the conveyance to Freeman. The complaint prays that Freeman's deed be set aside.

The answer alleges that Freeman was not represented by Jacob Jennings, that he acquired title without actual or constructive notice of the judgment, and that he is therefore a bona fide purchaser for value entitled to take free of the appellant's claim. Freeman moved for summary judgment.

The affidavits Freeman submitted in support of his motion for summary judgment reveal that Jacob Jennings did not represent Freeman. Instead, the Jennings' law firm represented Freeman's grantor, Timmons Thomas. Although Jennings acknowledged receipt of notice of the appellant's claim, he stated the notification occurred after execution of the deed to Freeman. He further stated he never told Freeman of the information he received.

The affidavits also reveal that the clerk of court failed to index the Thomas divorce judgment as a judgment against William Thomas, Jr. Instead, the index to the abstract of judgments listed the judgment as one against Linda Thomas.

None of the affidavits considered by the court on behalf of Linda Thomas contradicted respondent Freeman's affidavits.

The court ruled that no genuine issue of material fact was present and that the failure to index the divorce decree as a

judgment against William Thomas, Jr. prevented its recordation from serving as constructive notice to Freeman of the appellant's claim. The court therefore granted Freeman's motion for summary judgment.

The appellant presents two questions for our review: (1) Did the court err in granting summary judgment because it excluded the affidavit of Linda Thomas for the reason that it had not been served on the opposing party, and (2) Did the court err in holding that the recordation of the judgment failed to impart notice to Freeman of the appellant's claim.

With respect to the first question, the appellant contends the court improperly concluded that Rule 44 of the Circuit Court Rules required the exclusion of the affidavit of Linda Thomas because it was not served on Freeman. We are unable to review the merits of the question, however, because the record contains no evidence the affidavit was offered or excluded.

The Supreme Court has said on numerous occasions that it is the responsibility of the appellant to provide the appellate court with a record upon which it can review the questions presented. *See, e.g., Germain v. Nichol,* 278 S. C. 508, 299 S. E. (2d) 335 (1983). If the record does not contain the order or ruling appealed from, the court is required to dismiss the question presented since the omission has the effect of depriving the court of jurisdiction to review it. *Polson v. Burr,* 235 S. C. 216, 110 S. E. (2d) 855 (1959). In this case, we are not advised by the record whether the affidavit was offered, or of the reasons assigned by the court for excluding it. Consequently, we dismiss the issue without review.

The appellant next contends the court erred in its application of the law of bona fide purchaser for value without notice. If we understand her correctly, the appellant argues that under the law of South Carolina an instrument need not be properly indexed to be recorded so as to serve as notice to subsequent purchasers. This argument is without merit.

Section 30-9-40 of the South Carolina Code of Laws of 1976 provides that after the filing for record of a written instrument entitled to be recorded under Sec-

tion 30-7-10,[1] the register of mesne conveyances or the clerk shall enter it upon the proper indexes "which shall constitute an integral, necessary and inseparable part of the recordation." The Section also provides:

> The entries in the indexes hereby required to be made shall be notice to all persons sufficient to put them on inquiry as to the purport and effect of the ... written instrument so filed for record, but the recordation of ... the written instrument shall not be notice as to the purport and effect thereof unless the filing of the instrument for record be entered as required hereby in the indexes.

The clear construction of Section 30-9-40 is that proper indexing supplies inquiry notice of an instrument, while recordation without proper indexing supplies no notice at all. *See Bradley v. Guess,* 165 S. C. 161, 163 S. E. 466 (1932).

According to Section 15-35-520 of the South Carolina Code of Laws of 1976, the clerk is required to enter in the abstract of judgments book each judgment. The clerk is also required to enter in an index the name of the defendant and in a cross index the name of the plaintiff. The Section further provides that "whenever judgment against any party plaintiff or defendant has been entered, the names of such party, and each of them, shall appear in the index and the name of the party plaintiff or defendant in whose favor judgment has been entered, and each of them, shall appear in the cross index."

In this case, the provision of the divorce judgment against William Thomas, Jr. and in favor of the minor son was not indexed in Thomas's name as required by Section 15-35-520. The failure to index the judgment as required by the statute deprived its recordation of its effectiveness as notice to subsequent purchasers. Freeman therefore acquired title to the property without constructive notice of the equitable title of appellant's son.

The evidence indisputably reveals that Freeman was a bona fide purchaser for value without notice. *See South*

---

[1] Section 30-7-10 provides for the recordation of "all instruments in writing required by law to be recorded." Section 15-35-510 requires that judgments affecting property be recorded.

*Carolina Tax Commission v. Belk,* 266 S. C. 539, 225 S. E. (2d) 177 (1976). Since he is therefore protected from the appellants' claim in the property, summary judgment was properly entered in his favor and must be

Affirmed.

SHAW, BELL and CURETON, JJ., concur.