680 S.E.2d 289

Ken **BUFFINGTON**, Louis Shepard, Mary E. Williams, Brian Meece and Shirley Jones, Respondents,

v.

**T.O.E. ENTERPRISES**, A South Carolina General Partnership and T.O.E. Residential, LLC, Petitioners.

No. 26685.

Supreme Court of South Carolina.

Heard April 22, 2009.

Decided July 13, 2009.

W. Grady Jordan, of Olson, Smith, Jordan & Cox, of Easley, for Petitioners.

J.J. Wilkes, of Greenville, for Respondents.

Chief Justice TOAL:

Respondents filed an action seeking a declaratory judgment that in using their land for commercial purposes, Petitioners were acting in violation of the restrictive covenants. The trial court found that Petitioners were in violation of the covenants and issued an injunction prohibiting Petitioners from using two lots for commercial purposes. The court of appeals affirmed, *Buffington v. T.O.E. Enters.*, Op. No.2007–UP–252 (S.C. Ct.App. filed May 24, 2007), and this Court granted a writ of certiorari to review that decision. We affirm as modified.

### FACTUAL/PROCEDURAL BACKGROUND

Forest Acres is a subdivision located in Easley, South Carolina, which was developed in 1958. The restrictive covenants provide that, "[n]o lot shall be used except for residential purposes," but the covenants only apply to 62 of the 110 lots of the subdivision. Respondents own lots in Forest Acres, and Petitioners operate a Toyota dealership that borders the subdivision. In 2003 and 2004, Petitioners purchased lots 9, 10, 11, and 12 located across from the dealership and within the subdivision. Petitioners intended for the lots to be used for additional parking and began developing the land.

Respondents brought an action seeking to enjoin Petitioners from using lots 9, 10, and 12 [1] for commercial purposes. The trial court found that lots 10 and 12 were subject to the restrictive covenants and thus could only be used for residential purposes. [2] The trial court ruled that Petitioners failed to show that they were entitled to use the property for commercial purposes under an equity theory and that Petitioners failed to show that a change of conditions existed to warrant the release of the restrictive covenants. Accordingly, the trial court issued an injunction prohibiting Petitioners from using the land for parking purposes. The court of appeals affirmed.

We granted a writ of certiorari to review the following issue: [3]

Did the court of appeals err in holding that a court is not required to balance the equities before enforcing a restrictive covenant, but that even if it were to balance the equities, equity favored enforcement?

### STANDARD OF REVIEW

An action to enforce restrictive covenants by injunction is an action in equity. *South Carolina Dep't of Natural Res. v. Town of McClellanville*, 345 S.C. 617, 622, 550 S.E.2d 299, 302 (2001). On appeal from an equitable action, an appellate court may find facts in accordance with its own view of the evidence. *Townes Assoc. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976). While this standard permits a broad scope of review, an appellate court will not disregard the findings of the trial court, which saw and heard the witnesses and was in a better position to evaluate their credibility. *Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989).

### LAW/ANALYSIS

Petitioners argue that the court of appeals erred in holding that the equities favored the enforcement of the restrictive

---

1. Lot 11 is not subject to the restrictive covenants.

2. The trial court found that lot 9 was not subject to the restrictive covenants. Respondents did not appeal this ruling.

3. We denied certiorari to review the change of circumstances issue.

covenants. Respondents, on the other hand, argue that a court is not required to balance the equities in deciding whether to enforce restrictive covenants, but regardless, the equities favor enforcement.

 A restriction on the use of the property must be created in express terms or by plain and unmistakable implication, and all such restrictions are to be strictly construed, with all doubts resolved in favor of the free use of property. *Hardy v. Aiken,* 369 S.C. 160, 166, 631 S.E.2d 539, 542 (2006). Thus, courts tend to strictly interpret restrictive covenants, and to enforce a restrictive covenant, a party must show that the restriction applies to the property either by the covenant's express language or by a plain and unmistakable implication. *Id.*; *Sea Pines Plantation Co. v. Wells,* 294 S.C. 266, 269, 363 S.E.2d 891, 894 (1987).

██ We first address whether courts must balance the equities in determining whether to enforce a restrictive covenant. In affirming the trial court's injunction against Petitioners, the court of appeals stated that, pursuant to *Siau v. Kassel,* 369 S.C. 631, 641, 632 S.E.2d 888, 893 (Ct.App.2006) and *Houck v. Rivers,* 316 S.C. 414, 418, 450 S.E.2d 106, 109 (Ct.App.1994), once the court finds that a restrictive covenant has been violated, it is not required to balance the equities of the parties before enforcing a covenant. However, a review of this Court's decisions on this issue reveals that this statement is contrary to our precedent.

In *Circle Square Co. v. Atlantis Dev. Co.,* 267 S.C. 618, 230 S.E.2d 704 (1976), the Court first determined that the defendant's proposed use of the land violated the restrictive covenants and then held that the plaintiffs were not barred from seeking an injunction pursuant to laches, waiver, or estoppel. In *Rabon v. Mali,* 289 S.C. 37, 344 S.E.2d 608 (1986), this Court engaged in an equitable analysis and found that the defendant established laches as a defense to using his land for commercial purposes in violation of the restrictive covenants. Finally, in *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime,* 307 S.C. 339, 415 S.E.2d 384 (1992), the Court held that although the trial court erred in allowing the homeowners to offensively assert equitable defenses, the homeowners still

prevailed under equitable considerations and thus the restrictive covenants could not be enforced against them.

Accordingly, while there is no formulaic balancing test, we find that this Court has consistently held that courts should consider equitable doctrines when determining whether to enforce a restrictive covenant and enjoin a landowner from using their land in a manner that violates the covenant. Indeed, an action to enforce a restrictive covenant is an action in equity, and to hold that a court must issue an injunction as a matter of law upon a finding that a restrictive covenant has been violated is erroneous. We therefore hold that *Siau* and *Houck* are overruled to the extent they hold otherwise.

Turning to the merits of this case, we hold that the restrictive covenants are enforceable. Petitioners admitted that using the land for parking violated the restriction that the land may only be used for residential purposes. However, Petitioners testified that they have expended over $700,000 on improvements to the land, that Toyota will require them to relocate if they are not able to expand the business, and that using the lot for commercial purposes will not negatively impact Respondents' property value since lots 10 and 12 are located between unrestricted lots and other businesses are located in close proximity to the lots. Respondents testified that the commercial development of Lots 10 and 12 created additional light and noise pollution and adversely affected their property values.

We find that the Petitioner cannot prevail under an equity theory. In our view, it would be inequitable to consider Petitioners' financial loss in purchasing and improving the land since they were on notice of the covenants when they purchased the property. To find otherwise would indicate that any business could defeat a restrictive covenant by spending a significant amount of money developing the land. Moreover, Petitioners cannot show that Respondents have waived their rights or that Respondents may be estopped from enforcing the covenants. The lots have never been used for commercial purposes, and Respondents brought suit as soon as Petitioners began developing the lots. The record contains no evidence to support lifting the covenants based on equitable doctrines. In our view, to ignore the restrictive covenants in

the absence of such evidence would eliminate a homeowner's justified reliance on property restrictions. Therefore, we find that equity does not weigh in Petitioners' favor and the restrictive covenants are enforceable.[4]

Accordingly, we hold that, upon a finding that a restrictive covenant has been violated, a court may not enforce the restrictive covenant as a matter of law. Rather, the court must consider equitable doctrines asserted by a party when deciding whether to enforce the covenant.

## CONCLUSION

For the foregoing reasons, we affirm the court of appeals' decision as modified.

WALLER, PLEICONES, KITTREDGE, JJ., and Acting Justice JAMES R. BARBER, concur.

---

4. Because we denied certiorari to review the court of appeals' decision as to changed conditions, we are not considering facts and arguments related to that issue in deciding this case.