THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Larry Williams, Appellant,
 v.
 South Carolina Department of Transportation, Respondent.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master In Equity

Unpublished Opinion No. 2010-UP-226
 Submitted February 1, 2010  Filed April
1, 2010    

AFFIRMED

 
 
 
 John P. Bacot, Jr., of Surfside Beach, for Appellant.
 John B. McCutcheon, Jr., of Conway, for Respondent.
 
 
 

PER
 CURIAM:  Larry Williams (Williams)
 contends the trial court erred in denying his request for rescission of his
 contract with the South Carolina Department of Transportation (SCDOT) by
 refusing to set aside the conveyance of his property (the Property) to SCDOT. 
 We affirm.[1]
FACTS
Williams owned three tracts of real property: Tract
 6A, Tract 6PCR, and Tract 7 adjacent to and at the corner of Road S-600 and
 Pine Island Road in Horry County.  Only Tract 7 is in dispute in this case.  Williams
 acquired Tract 7 between 1980 and 1982.  After acquiring Tract 7, Williams
 constructed a nine-unit commercial building for business rental use.
During the summer of 2000, SCDOT contacted Williams
 about acquiring 2,662 square feet along the front of the Property for a
 right-of-way expansion of the Robert M. Grissom Parkway.  Sometime between the
 summer and September 2000, settlement negotiations reached a stalemate between
 Williams and an eastern region right-of-way consultant.  On September 13, 2000,
 Deborah Rice (Rice), the eastern region right-of-way administrator for SCDOT
 and Rabih Hamzy (Hamzy), the assistant program manager with SCDOT, met with
 Williams to facilitate a settlement agreement.
According to Rice's testimony, Williams was concerned
 about the functionality of his commercial units' parking spaces after the
 proposed construction of the right-of-way.  Rice also testified Williams
 believed the property was worth more than the $162,620 SCDOT offered, and as a
 result, Williams made a counteroffer of $500,000.  Rice acknowledged the
 parking situation needed further review and asked Hamzy to come up with
 "something" that "perhaps could be done [about] the
 parking."
Hamzy enlisted Wilbur Smith Associates to produce
 planning sheets to show the possibility of parking on Tract 7.  Hamzy
 subsequently mailed Williams the plan sheets along with a transmittal letter
 dated September 20, 2000.  Hamzy's letter stated, "Dear Mr. Williams:
 Enclosed are the plans [sic] sheets you requested.  If you have any other
 questions, please call me at (803) 737-1616.  Sincerely, Rob Hamzy Program
 Manager."
On September 28, 2000, Williams entered
 into a contract with SCDOT for the conveyance of the Property for $385,000.  The
 title was recorded on October 16, 2000, and provided, "The above
 consideration is for 0.197 of an acre of land, damages, and improvements
 thereon, if any, including rights of access as maybe [sic] needed for
 controlled access facilities."  Williams testified he agreed to demolish
 one of his buildings.  
After demolishing one of his buildings in
 2001, Williams was told that his parking scheme was not feasible and that he
 lacked sufficient space for cars to drive behind the building.  Also, Williams
 was informed that the parking spaces did not meet the minimum length
 requirement pursuant to Horry County's Code.  Williams testified he relied on
 the plan sheets that Hamzy provided and asserted his agreement with SCDOT was
 contingent on Hamzy's plan sheets.  Williams stated, "[Hamzy] got involved
 in it and he assured me, 'Mr. Williams, I can show you that you're going to
 have parking.  You're going to have parking.'"  Williams claims the deed's
 special provision language concerning damages was in reference only to damages
 relating to the right-of-way expansion and not to the issue of parking.  However,
 Williams testified Rice might have informed him the deed's special provision
 language included parking and all other damages related to the conveyance.  
Conversely, Hamzy contends the plan sheets
 were provided for "information only" but later admitted there was no
 documentation indicating the plan sheets were only for informational purposes. 
 Rice testified Williams did not notify her that the sale of the Property was
 contingent upon Hamzy's parking scheme and the consideration for the deed
 including all damages, parking, and access.  Specifically Rice stated, 

 I was very explicit in letting [Williams] know you and
 I are the ones who are -- we are negotiating this, sir.  Whatever you get from
 whomever, this is what we're signing for.  I want that understood, that this is
 all damages.  Access, parking, this will be it.  This is the legal document
 you're signing for your piece of property and what happens on here, this all
 damages.  

Rice also asserted Williams received
 additional compensation because she knew he was going to have problems with
 parking or continuing his businesses.  
Williams filed an action in Horry County
 seeking a declaratory judgment and rescission of the contract on the grounds of
 mutual mistake and/or unilateral mistake.  On the issue of mutual mistake, the
 trial court found SCDOT made no misrepresentation regarding parking.  On the
 issue of unilateral mistake, the trial court found the deed's language included
 all issues related to damages, which specifically included parking.  As a
 result, the trial court denied Williams' request to rescind the contract with
 SCDOT.  This appeal followed.
STANDARD
 OF REVIEW 
An action to set
 aside a deed is a matter in equity.  Bullard v. Crawley, 294 S.C. 276,
 278, 363 S.E.2d 897, 898 (1987).  On appeal from an equitable action, an
 appellate court may find facts in accordance with its own view of the
 evidence.  Buffington v. T.O.E. Enter., 383 S.C. 388, 391, 680
 S.E.2d 289, 290 (2009).  The appellant is not relieved of his burden of convincing
 the appellate court the trial judge committed error in his findings.  Pinckney
 v. Warren, 344 S.C. 382, 387-88, 544 S.E.2d 620, 623 (2001).
LAW/ANALYSIS
A. Unilateral and Mutual
 Mistake
Williams argues the trial court erred in
 refusing to rescind the conveyance of the property on the basis of unilateral
 and mutual mistake.  We believe this issue has been abandoned on appeal.
An issue is deemed
 abandoned and will not be considered on appeal if the argument is raised in a
 brief but not supported by authority.  Bryson v. Bryson, 378 S.C. 502,
 510, 662 S.E.2d 611, 615 (Ct. App. 2008).  Williams' statement of the
 issues on appeal states, "Did the lower court err in denying appellant's
 request for recession of the contract between the parties?" However,
 Williams fails to produce any argument or authority in support of his
 contention that the trial court erred in refusing to find unilateral or mutual
 mistake regarding the conveyance of the property to SCDOT.  Williams' citation
 of authority only relates to the issue of equitable estoppel.  Therefore, we
 conclude this issue has been abandoned on appeal.  
B. Equitable Estoppel
Williams argues the
 trial court erred in refusing to rescind the conveyance on the basis of
 equitable estoppel.  Specifically, Williams asserts the elements of equitable
 estoppel are met in this case because (1) he did not have any knowledge about
 how many parking spaces would be available since he is not an engineer; (2) he
 justifiably relied on Hamzy's representation of available parking as an agent
 of SCDOT; and (3) he has suffered a prejudicial change in position because he
 demolished one of his units and has less building space and reduced his potential
 for rental income.  We believe this issue is not preserved for review.
Issues cannot be
 raised for the first time on appeal, but must be raised to and ruled upon by
 the trial court to preserve it for appellate review.  Richland County v.
 Carolina Chloride, Inc., 382 S.C. 634, 655, 677 S.E.2d 892,
 903 (Ct. App. 2009).  The imposition
 of the preservation requirement upon an appellant is designed to enable the
 lower court to rule properly after consideration of all relevant facts, law,
 and arguments.  Nicholson v. Nicholson, 378 S.C. 523, 537, 663 S.E.2d
 74, 82 (Ct. App. 2008).
After a careful
 review of the record, we believe Williams' equitable estoppel argument was
 neither raised to nor ruled upon by the trial court.  The transcript of the
 hearing supports our conclusion.  The trial court's order provides a complete
 designation of the specific issues presented for review.  The trial court's
 order stated, "[Plaintiff] seeks declaratory judgment and also seeks to
 set aside the conveyance of real property for alleged rescission due to mutual
 mistake and/or rescission due to unilateral mistake."  The trial court
 further concluded, "There are no additional bases for recovery stated by
 the Plaintiff under this cause of action beyond which are included in the other
 causes of action, addressed above."  Finally, the trial court stated that
 "judgment be entered in favor of the Defendant with respect to the Plaintiff's
 causes of action for recession due to mutual mistake, rescission due to
 unilateral mistake, and declaratory judgment."  Accordingly, we find the
 issue of equitable estoppel is not preserved for our review.
CONCLUSION
Accordingly, the
 trial court's decision is 
AFFIRMED.
WILLIAMS, GEATHERS,
 and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument
 pursuant to Rule 215, SCACR.