THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 John Musick, Respondent,
 v.
 Thomas L. Dicks
 and Robert E. Dicks, Jr., Appellants.
 
 
 

Appeal From Horry County
 J. Stanton Cross, Jr., Master-In-Equity

Unpublished Opinion No. 2010-UP-351
Heard June 8, 2010  Filed July 7, 2010

REVERSED AND REMANDED

 
 
 
 Demetri K. Koutrakos, of Columbia, for
 Appellants.
 George M. Hearn, Jr., and Thomas C.
 Brittain, of Conway, for Respondent. 
 
 
 

PER CURIAM: 
 This appeal arises out of cross motions for summary judgment before the
 Master-In-Equity.  The court granted summary judgment in favor of Respondent
 John Musick (Musick) and dismissed the action.  Appellants Thomas L. Dicks and
 Robert E. Dicks, Jr. (Appellants) argue that the court erred in granting
 Musick's motion, in denying their motion, and in finding that Appellants
 violated the restrictive covenants of the subdivision by further subdividing a
 2.67 acre parcel.  We reverse the grant of summary judgment and remand for a
 trial on the merits.
FACTS
Appellants purchased a piece of property, known as Blocks 28 and
 29, situated in Long Bay Estates off of Highway 17 in Horry County.  The 1955 Plat of Long Bay Estates contains the
 following restriction:

 (a) No lot shall be subdivided and no building, including
 porches or projections of any kind, shall be erected at a distance less than 40 feet from the front line of Blocks One (1) through Five (5) and not less than 20 feet from the front line on Blocks Six (6) through Twenty-Seven (27), ten feet
 from any side line and 20 feet from the rear.
 As to all unsold lots, the Grantors reserve the right
 to change the boundary lines and the building lines thereof.

1955 Plat (emphasis
 in original).  This restriction is also contained in a document recorded at the
 Register of Mesne Conveyances for Horry County in 1958 (the 1958 Restrictions). 
 Both documents provided:  "These Protective Covenants are recorded as
 Blanket Covenants covering all lots in Blocks 1-27, as shown on the Plat of
 Long Bay Estates dated May, 1955, compiled by Robt. L. Bellamy, Engineer."  
In
 1972, the Master-In-Equity issued a report, adopted as an order of the circuit
 court (the 1972 Order), regarding the rights of property owners in Long Bay
 Estates and the effect of the 1958 Restrictions on the property.  The order
 provided Blocks 30, 32, and 34 were "subject to the restrictions of the
 same type and character as those . . . applicable to Blocks 1-27, inclusive." 
 The order further stated:

 In like
 manner the remaining portions of "old" Blocks 28 and 29, that is to
 say the area lying between the rear of Blocks 24 and 25 and the
 southeasternmost "paved street" are subject to such residential
 restrictions, but with right of revision of the lot arrangement or for
 combination with abutting portions of lots in Blocks 24 and 25.  The
 restrictions uniformly used in this area and the declaration . . . reserved to
 grantor the right to change boundary lines and building lines as to any unsold
 lots in any event.

In
 2000, some property owners in Long Bay Estates were involved in litigation
 again regarding the restrictive covenants, resulting in another order
 interpreting the 1958 Restrictions (the DeCiero Order).  
Carmen Ward conveyed the property as one lot to David W. Meese,
 Jr. and Leigh Ammons Meese in 1997.  The Meeses conveyed Blocks 28 and 29 to
 Appellants in 2003.  
Musick,
 as the owner of Lot 4 of Block 24, alleged in his complaint that he is entitled
 to a declaration that Appellants' attempts to subdivide Blocks 28 and 29 into
 seven individual lots violates the restrictive covenants applicable to all lots
 in Long Bay Estates.  Appellants denied the allegations and counterclaimed,
 seeking a declaratory judgment finding that the alleged restrictions do not
 encumber Blocks 28 and 29.  
Appellants
 and Musick each filed motions for summary judgment after this matter had been
 referred to the Master-In-Equity.  Following a hearing, the court issued a
 "Final Order Ending Action" granting Musick's motion for summary
 judgment.  Appellants filed a motion to reconsider.  The court heard the
 parties' arguments on Appellants' motion to reconsider before issuing an order
 denying the motion.  This appeal followed.
STANDARD OF REVIEW
Appellants
 argue the trial court failed to apply the correct standard in granting the
 motion for summary judgment.  Musick contends that as the parties filed
 cross-motions for summary judgment, the hearing before the trial court was
 essentially converted into a bench trial.  We disagree with this contention.  
When
 each party files a motion for summary judgment and the trial court grants one
 motion while denying the other, this court only reviews the grant of the motion
 for summary judgment, not the denial.  Fuller v. Blanchard, 358 S.C.
 536, 546 n.21, 595 S.E.2d 831, 836 n.21 (Ct. App. 2004).  In Fuller, the
 case concerned cross-motions for summary judgment regarding two of Dr.
 Blanchard's defenses.  Id.  The trial court simultaneously granted Mrs.
 Fuller's motion for summary judgment and denied Dr. Blanchard's motion.  Id. 
 This court noted the parties had blurred the distinction between the two
 motions.  Id.  We stated:

 Because
 the granting of a motion for summary judgment is appealable while the denial of
 a motion for summary judgment is not, we are addressing Dr. Blanchard's
 arguments to the extent he appears to challenge the circuit court's grant of
 summary judgment to Mrs. Fuller as an error of law based on the facts of the
 case, although, as stated, there has been an overlapping of these issues due to
 the procedural posture of the case. To the extent Dr. Blanchard appears to
 argue the court should have granted his motion for summary judgment, the denial
 of summary judgment is not properly before us and we do not address it.

Id.
Thus,
 we will review the grant of the motion for summary judgment applying the same
 standard that governs the trial court.  Wogan v. Kunze, 379 S.C. 581,
 585, 666 S.E.2d 901, 903 (2008).  Summary judgment is proper where no genuine
 issue exists as to any material fact and the moving party is entitled to
 judgment as a matter of law.  Rule 56(c), SCRCP.  In determining whether any
 triable issues of fact exist, the evidence and all reasonable inferences that
 can be drawn from the evidence must be viewed in the light most favorable to
 the non-moving party.  Law v. S.C. Dep't of Corr., 368 S.C. 424, 434,
 629 S.E.2d 642, 648 (2006).  Even when there is no dispute as to the
 evidentiary facts, summary judgment should be denied when there is a dispute as
 to the conclusions or inferences that can be drawn therefrom.  Wilson v.
 Style Crest Prods., Inc., 367 S.C. 653, 656, 627 S.E.2d 733, 735 (2006).  "[I]n
 cases applying the preponderance of the evidence burden of proof, the
 non-moving party is only required to submit a mere scintilla of evidence in
 order to withstand a motion for summary judgment."  Hancock v.
 Mid-South Mgmt. Co., 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009).  
LAW/ANALYSIS
1.  Appellants
 argue the court erred in granting summary judgment by holding the 1958
 Restrictions encumber Blocks 28 and 29.  We agree.
The trial
 court found that the 1972 Order acknowledged that the prohibition against
 subdivision only applied to Blocks 1-27, but the parties to the 1972 litigation
 "specifically agreed that the restrictions would be extended" to
 cover other blocks in the subdivision, including Blocks 28 and 29.  In his
 final brief to this court, Musick agrees that "it is undisputed that the
 original language of the covenants stated they applied only to Blocks 1 through
 27."  
Restrictive
 covenants are contractual in nature.  RV Resort & Yacht Club Owners
 Ass'n, Inc. v. BillyBob's Marina, Inc., 386 S.C. 313, 320, 688S.E.2d 555,
 559 (2010).  The words of restrictive covenants will be given their common,
 ordinary meaning attributed to them at the time of their execution.  Taylor
 v. Lindsey, 332 S.C. 1, 4, 498 S.E.2d 862, 863 (1998).  "A restriction
 on the use of property must be created in express terms or by plain and
 unmistakable implication . . . ."  Buffington v. T.O.E. Enters.,
 383 S.C. 388, 392, 680 S.E.2d 289, 291 (2009) (quoting Hardy v. Aiken,
 369 S.C. 160, 166, 631 S.E.2d 539, 542 (2006)).  "[A]ll such restrictions
 are to be strictly construed, with all doubts resolved in favor of the free use
 of property."  Id.  In determining whether to enforce a restrictive
 covenant and enjoin a landowner from using their land in a manner that violates
 the covenant, courts should consider equitable doctrines.  Id. at 393,
 680 S.E.2d at 291.  "The paramount rule of construction is to ascertain
 and give effect to the intent of the parties as determined from the whole
 document."  RV Resort, 386 S.C. at 321, 688 S.E.2d at 559 (quoting Taylor,
 332 S.C. at 4, 498 S.E.2d at 863-64).  
We find
 the 1958 Restrictions, by their express terms, do not apply to Blocks 28 and
 29.  Musick argues, and the trial court agreed, that the 1972 Order enlarged
 the 1958 Restrictions such that the restrictions are applicable to all lots in
 Long Bay Estates.  Appellants argue the court should have construed the
 language in the 1972 Order in their favor when deciding this matter on Musick's
 motion for summary judgment.  We hereby reverse the grant of summary judgment
 as to this issue and remand for a trial on the merits because there is a
 dispute as to the conclusions or inferences that may be drawn from the
 application of the 1972 Order to clarify the 1958 Restrictions.  See USAA
 Prop. & Cas. Ins. Co. v. Clegg, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008); Wilson, 367 S.C. at 656, 627 S.E.2d at 735.  
2.  Appellants
 argue the court erred in granting summary judgment by finding the DeCiero Order
 operates to extend the prohibition against subdividing to include Blocks 28 and
 29.  We agree.
The trial court misquoted the DeCiero Order in its
 order denying the motion to reconsider as follows:  "[o]n their face, it
 is clear the 1958 Restrictive Covenants apply to the entire Long Bay Estates
 subdivision."  Rather, the DeCiero order states:  "Thus it is clear
 the Restrictive Covenants apply to all of Blocks 1-27 of Long Bay Estates
 subdivision, including Block 11, Lots 1 and 2."  Therefore, we find it was
 error for the trial court to rely upon the DeCiero Order in its grant of
 summary judgment to find that the 1958 Restrictions apply to Blocks 28 and 29. 
 We reverse the grant of summary judgment on this issue.
3.  Appellants argue the
 court erred in granting summary judgment by finding that the division of Blocks
 28 and 29 into seven different lots, as shown on the 1955 Plat, constituted a
 mere "proposed plan" to subdivide.  We agree.
The 1955 Plat and a
 map attached to the 1972 Order show Blocks 28 and 29 divided into seven
 different lots.  The trial court concluded that the maps indicated only a
 proposed plan to subdivide Blocks 28 and 29 because "[t]raditionally,
 dotted lines on maps indicate proposed boundary lines or subdivision proposals
 and are not symbolic of the final decree of the Grantor."  Viewed in the
 light most favorable to Appellants, there is more than one reasonable inference
 that may be drawn from the evidence regarding whether or not the grantor
 intended for Blocks 28 and 29 to be subdivided into seven individual lots.  Law,
 368 S.C. at 434, 629 S.E.2d at 648.  Therefore, we reverse the grant of summary
 judgment on this issue and remand for trial.  
4.  Appellants argue the
 court erred in granting summary judgment by finding that because they had
 actual notice of the 1972 Order and its restrictive effect on Appellants' use
 of the property, they could not avail themselves of the protection of the
 Shelter Rule.  We agree.
Appellants
 presented evidence that the Horry County Clerk of Court indexed the 1972 Order
 only against the named defendants to that action.  Carmen Ward, Appellants'
 predecessor in title, was a plaintiff and not a named defendant in the 1972
 litigation.  Therefore, when Appellants performed a title search for Blocks 28
 and 29, the 1972 Order did not appear in their chain of title.  Pursuant to
 Section 30-9-40 of the South Carolina Code (2007), proper indexing supplies
 inquiry notice of an instrument, while recordation without proper indexing
 supplies no notice at all.  Thomas v. Thomas, 286 S.C. 294, 298, 333
 S.E.2d 76, 78 (Ct. App. 1985).  The failure to index a judgment as required by
 statute deprives it of its effectiveness as notice to subsequent purchasers.  Id.  
Appellants admit
 they had actual notice of the 1972 Order but seek the protection of their
 predecessors in title by arguing that the Meeses were bona fide purchasers for
 value without notice.  

 The
 "Shelter Rule" provides that one who is not a bona fide purchaser,
 but who takes an interest in property from a bona fide purchaser, may be
 sheltered in the latter's protective status.  The purpose of this rule is to
 prevent a stagnation of property and to protect the first purchaser, who, being
 entitled to hold and enjoy, must be equally entitled to sell.  Otherwise, a
 bona fide purchaser might be prevented from selling the property for full
 value. . . . It is wholly immaterial of what nature the outstanding interest
 is, whether it is a lien or encumbrance, or a trust, or any other claim.

77 Am. Jur. 2d Vendor and
 Purchaser § 419 (2006).  This court has recognized the Shelter Rule,
 holding the successor in interest of a bona fide purchaser for value stood in
 the same position as the bona fide purchaser even when the successor had notice
 of a lien.  Liberty Loan Corp. of Darlington v. Mumford, 283 S.C. 134,
 140, 322 S.E.2d 17, 21 (Ct. App. 1984).  It explained: "[W]henever in a
 succession of purchasers you reach one who is innocent and purchases in
 ignorance, the title is thenceforth sanctified."  Id.  
The
 trial court found the Meeses' attorney testified in his deposition that he had
 advised the Meeses there was a strong possibility the restrictions applied to
 Blocks 28 and 29.  However, Dusenbury testified that his recollection was that
 the restrictions were mis-indexed and that he did not pick them up in the chain
 of title.  We find there is a question of fact as to whether the Meeses were
 bona fide purchasers for value without notice and hereby reverse the grant of
 summary judgment on this issue and remand for trial.  
CONCLUSION
Accordingly,
 the decision of the trial court granting summary judgment is hereby

REVERSED
 and REMANDED.
FEW,
 C.J., and HUFF and GEATHERS, JJ. concur.