**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The St. Clements Homeowners Association, Inc.,
Appellant,

v.

BE-MI, Inc., Respondent.

Appellate Case No. 2012-213333

--------------

Appeal From Horry County
Cynthia Graham Howe, Master-in-Equity

--------------

Unpublished Opinion No. 2013-UP-466
Heard November 5, 2013 – Filed December 18, 2013

--------------

**AFFIRMED**

--------------

Michael James Barnett, of McCrackin, Barnett & Richardson, LLP, of Myrtle Beach, for Appellant.

Fred B. Newby, Sr., and C. Scott Masel both of Newby, Sartip, Masel & Casper, LLC, of Myrtle Beach, for Respondent.

--------------

**PER CURIAM:** St. Clements Homeowners Association, Inc. (St. Clements) appeals the Master-in-Equity's order, in which the Master denied St. Clements'

claim for an injunction and ordered that Respondent BE-MI, Inc. (BE-MI) had the right to retain and maintain a certain side deck. We affirm.

"An action to enforce restrictive covenants by injunction is in equity." *S.C. Dep't of Natural Res. v. Town of McClellanville*, 345 S.C. 617, 622, 550 S.E.2d 299, 302 (2001). "On appeal from an equitable action, an appellate court may find facts in accordance with its own view of the evidence." *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 391, 680 S.E.2d 289, 290 (2009). "While this standard permits a broad scope of review, an appellate court will not disregard the findings of the trial court, which saw and heard the witnesses and was in a better position to evaluate their credibility." *Id.* "A court does not automatically issue a mandatory injunction once it finds a restrictive covenant has been violated." *Sea Pines Plantation Co. v. Wells*, 294 S.C. 266, 274, 363 S.E.2d 891, 896 (1987) (citing *Hunnicutt v. Rickenbaker*, 268 S.C. 511, 515-16, 234 S.E.2d 887, 889 (1977)). "The court must balance the equities between the parties; and if the harm to the defendant outweighs the plaintiff's benefit, no relief will be granted." *Sea Pines*, 294 S.C. at 274, 363 S.E.2d at 896. "Although the issuance of a mandatory injunction depends upon the equities between the parties, the decision of whether to issue such relief rests in the court's discretion." *Id.* The evidence presented at trial shows an injunction seeking removal of the side deck would cause considerable harm. BE-MI has constructed, maintained, and improved the side deck at BE-MI's own expense. The side deck constitutes a substantial part of BE-MI's business and relieves congestion by the pool and pool bar, allows patrons a place to sit and eat, and provides shade. In contrast, St. Clements asserts an injunction would remedy the loss of two parking spots; however, the record is unclear on the necessity of those two spots. For the foregoing reasons, the decision of the Master is

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**