**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of America, N.A., successor by merger to BAC Home Loan Servicing, LP f/k/a Countrywide Home Loans Servicing, LP, Respondent,

v.

Carolyn S. Deaner, Appellant.

Appellate Case No. 2015-001119

———————

Appeal From Aiken County
James Martin Harvey, Jr., Special Referee

———————

Unpublished Opinion No. 2018-UP-182
Submitted March 1, 2018 – Filed May 2, 2018

———————

**AFFIRMED**

———————

Carolyn S. Deaner, of North Augusta, pro se.

Robert A. Muckenfuss and Trent M. Grissom, both of McGuireWoods, LLP, of Charlotte, North Carolina, for Respondent.

———————

**PER CURIAM:** Carolyn Deaner appeals the special referee's order denying her motion to reconsider a judgment of foreclosure and sale. On appeal, Deaner

presents twenty-seven issues.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issues pertaining to Deaner's receipt of the acceleration letter: *Hayne Fed. Credit Union v. Bailey*, 327 S.C. 242, 248, 489 S.E.2d 472, 475 (1997) ("A mortgage foreclosure is an action in equity."); *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 391, 680 S.E.2d 289, 290 (2009) ("On appeal from an equitable action, an appellate court may find facts in accordance with its own view of the evidence."); *Tiger, Inc. v. Fisher Agro, Inc.*, 301 S.C. 229, 237, 391 S.E.2d 538, 543 (1989) ("While this permits us a broad scope of review, we do not disregard the findings of the [special referee], who saw and heard the witnesses and was in a better position to evaluate their credibility."); *U.S. Bank Trust Nat'l Ass'n v. Bell*, 386 S.C. 364, 373, 684 S.E.2d 199, 204 (Ct. App. 2009) ("Moreover, the appellant is not relieved of his burden of convincing the appellate court the [special referee] committed error in his findings."  (quoting *Pinckney v. Warren*, 344 S.C. 382, 387-88, 544 S.E.2d 620, 623 (2001))).

2.  As to issues pertaining to Bank of America's standing to foreclose, status as holder of the note, intrinsic and extrinsic fraud, securitization, and tender of the debt: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [special referee] to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 23, 602 S.E.2d 772, 779-80 (2004) ("Issues and arguments are preserved for appellate review only when they are raised to and ruled on by the [special referee].").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.