**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Knightsbridge Property Owners Association, Inc.,
Respondent,

v.

Paul A. Nadeau, Appellant.

Appellate Case No. 2016-001696

Appeal From York County
S. Jackson Kimball, III, Master-in-Equity

Unpublished Opinion No. 2018-UP-201
Submitted April 1, 2018 – Filed May 9, 2018

**AFFIRMED**

J. Edwin McDonnell, of South Carolina Legal Services,
of Spartanburg, for Appellant.

Stephanie Carol Trotter, of McCabe, Trotter & Beverly,
P.C., of Columbia, for Respondent.

**PER CURIAM:** Paul A. Nadeau appeals the master-in-equity's order granting foreclosure of Knightsbridge Property Owners Association, Inc.'s (Knightsbridge's) lien for unpaid assessments. On appeal, Nadeau argues the master erred by finding (1) Knightsbridge acted properly in levying assessments and foreclosing liens for

nonpayment of assessments and (2) Nadeau is estopped from raising claims challenging the assessment rate because he did not raise the issue before final judgment in the foreclosure proceeding and he paid monies toward the assessment without protest. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Issue 1: *Belle Hall Plantation Homeowner's Ass'n, Inc. v. Murray*, 419 S.C. 605, 614, 799 S.E.2d 310, 315 (Ct. App. 2017) ("The appellate court's standard of review in equitable matters is our own view of the preponderance of the evidence." (quoting *Horry Cty. v. Ray*, 382 S.C. 76, 80, 674 S.E.2d 519, 522 (Ct. App. 2009))), *cert. denied* (Mar. 7, 2018); *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 391, 680 S.E.2d 289, 290 (2009) ("While this standard permits a broad scope of review, an appellate court will not disregard the findings of the [master who] saw and heard the witnesses and was in a better position to evaluate their credibility."); *Belle Hall*, 419 S.C. at 615, 799 S.E.2d at 315 ("[It is the] burden [of the] appellant to satisfy the appellate court that the preponderance of the evidence is against the finding of the [master]." (third alteration in original) (quoting *Crossland v. Crossland*, 404 S.C. 443, 452, 759 S.E.2d 419, 424 (2014))); *Seabrook Island Prop. Owners Ass'n v. Pelzer*, 292 S.C. 343, 347, 356 S.E.2d 411, 414 (Ct. App. 1987) ("[A] corporation may exercise only those powers which are granted to it by law, by its charter or articles of incorporation, and by any bylaws made pursuant thereto; acts beyond the scope of the powers so granted are *ultra vires*.").

2. As to Issue 2: *Id.* at 348, 356 S.E.2d at 414 (holding the appellant was estopped from seeking a refund of fees paid when "he acquiesced in the method of assessment and paid the [fees]" despite his awareness the fees were "not being assessed in accordance with the [governing documents]").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.