**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Hall, Appellant,

v.

Kim Hall, Respondent.

Appellate Case No. 2014-001642

—————

Appeal From Barnwell County
Dale Moore Gable, Family Court Judge

—————

Unpublished Opinion No. 2018-UP-236
Submitted April 1, 2018 – Filed June 6, 2018

—————

**AFFIRMED**

—————

James Hall, of Blackville, pro se.

R. Steven Chandler, of R. Steven Chandler, LLC, of
Dublin, Texas, for Respondent.

—————

**PER CURIAM:** James Hall (Husband) appeals a family court order awarding
Kim Hall (Wife) thirty-five percent of the net proceeds of Husband's personal
injury settlement and requiring Husband to pay a portion of Wife's attorney fees.
Husband, pro se, raises twelve issues on appeal, arguing the family court erred by
abusing its discretion, receiving outside information, violating state statutes,
improperly distributing marital assets, finding the personal injury settlement

constituted marital property, refusing to dismiss Wife's motions, awarding attorney fees to Wife, and improperly interfering in the case. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether Wife timely filed her Rule 60(b), SCRCP, motion: *Stoney v. Stoney*, 421 S.C. 528, 531, 809 S.E.2d 59, 60 (2017) (per curiam) ("[T]he proper standard of review in family court matters is de novo."); Rule 60(b)(2)&(3), SCRCP ("On motion and upon such terms as are just, the [family] court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party . . . ."); *id.* ("[A Rule 60(b)] motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.").

2. As to Husband's remaining issues: *Thomas v. Thomas*, 286 S.C. 294, 297, 333 S.E.2d 76, 77 (Ct. App. 1985) ("[I]t is the responsibility of the appellant to provide the appellate court with a record upon which it can review the questions presented."); Rule 210(h), SCACR ("Except as provided by Rule 212, [SCACR] . . . the appellate court will not consider any fact which does not appear in the [r]ecord on [a]ppeal."); *Ulmer v. Ulmer*, 369 S.C. 486, 490, 632 S.E.2d 858, 861 (2006) ("A portion of a judgment that is not appealed presents no issue for determination by the reviewing court and constitutes, rightly or wrongly, the law of the case." (quoting *Austin v. Specialty Transp. Servs.*, 358 S.C. 298, 320, 594 S.E.2d 867, 878 (Ct. App. 2004))); *McDavid v. McDavid*, 333 S.C. 490, 497, 511 S.E.2d 365, 368-69 (1999) (finding issues not raised to or ruled upon by the family court are not preserved for appellate review); *Bryson v. Bryson*, 378 S.C. 502, 509-10, 662 S.E.2d 611, 614 (Ct. App. 2008) (affirming the family court on an issue raised in a motion when the appellant failed to include the motion in the record on appeal); *Zaman v. S.C. Bd. of Med. Exam'rs.,* 305 S.C. 281, 285, 408 S.E.2d 213, 215 (1991) (finding an issue is not preserved for appellate review if the record provides no factual basis for raising this issue on appeal).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.