**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Nancy S. Inman, Lisa Tolbert, and Vernell Humphries, Respondents,

v.

Sudie Dell Davis and Roosevelt Davis, Appellants.

Appellate Case No. 2024-000924

———————

Appeal From Greenwood County
Eugene C. Griffith, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-311
Submitted May 1, 2026 – Filed June 24, 2026

———————

**AFFIRMED**

———————

Tommy Lee Stanford, of Stanford & Assoc., PC, and Juankell Shingles, of Juan Shingles Esquire Attorney and Counselor at Law LLC, both of Greenwood, for Appellants.

Nancy S. Inman, Lisa Tolbert, and Vernell Humphries, all of Greenwood, pro se.

———————

**PER CURIAM:** In this action for breach of restrictive covenants, Sudie Dell Davis and Roosevelt Davis (Appellants) appeal the circuit court's grant of

summary judgment in favor of Nancy S. Inman, Lisa Tolbert, and Vernell Humphries (collectively, Respondents). Appellants argue the circuit court erred in granting summary judgment because there was a genuine issue of material fact as to whether their residence was located somewhere other than a "real portion" of their lot in Callison Estates, Phase I and whether their residence was less than 1,600 square feet. Appellants further argue the circuit court made an improper credibility determination concerning affidavits filed in support of their argument against summary judgment. We affirm pursuant to Rule 220(b), SCACR.

Viewing the evidence in the light most favorable to Appellants, we hold the circuit court did not err by granting summary judgment in favor of Respondents. *See USAA Prop. & Cas. Ins. Co. v. Clegg*, 377 S.C. 643, 653, 661 S.E.2d 791, 796 (2008) ("When reviewing the grant of a summary judgment motion, appellate courts apply the same standard that governs the trial court under Rule 56(c) [of the South Carolina Rules of Civil Procedure], which provides that summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Singleton v. Sherer*, 377 S.C. 185, 197, 659 S.E.2d 196, 202 (Ct. App. 2008) ("On appeal from an order granting summary judgment, the appellate court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the non-moving party."); *Wright v. PRG Real Est. Mgmt., Inc.*, 426 S.C. 202, 212, 826 S.E.2d 285, 290 (2019) ("When a circuit court grants summary judgment on a question of law, this [c]ourt will review the ruling de novo."). Initially, Appellants do not appeal the circuit court's finding that their property in Callison Estates, Phase I was subject to the Callison Estates Restrictive Covenants (Restrictive Covenants) or that their residence constituted a "house trailer" under the Restrictive Covenants; therefore, these rulings are the law of the case. *See Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance.").

Further, Appellants have failed as a matter of law to establish a genuine issue of material fact as to whether provision nine of the Restrictive Covenant permitted Appellants to place their residence on any portion of their lot in Callison Estates. *See S.C. Dep't of Nat. Res. v. Town of McClellanville*, 345 S.C. 617, 623, 550 S.E.2d 299, 302-03 (2001) ("It is a question of law for the court whether the language of a contract is ambiguous."). The Restrictive Covenants' prohibition on house trailers was unambiguous. Appellants' argument, that the phrase "real portion of said lot" permitted house trailers on any part of their lot, was an unreasonable interpretation that would negate the prohibition against house trailers. *See SPUR at Williams Brice Owners Ass'n v. Lalla*, 415 S.C. 72, 83, 781 S.E.2d

115, 121 (Ct. App. 2015) ("Restrictive covenants are contractual in nature, and thus, the language used in the restrictive covenant is to be construed according to its plain and ordinary meaning." (quoting *Penny Creek Assocs., LLC v. Fenwick Tarragon Apartments*, LLC, 375 S.C. 267, 271, 651 S.E.2d 617, 620 (Ct. App. 2007))); *id.* ("A restriction on the use of the property must be created in express terms or by plain and unmistakable implication, and all such restrictions are to be strictly construed, with all doubts resolved in favor of the free use of property." (quoting *Buffington v. T.O.E. Enters.*, 383 S.C. 388, 392, 680 S.E.2d 289, 291 (2009))); *c.f. Town of McClellanville*, 345 S.C. at 623, 550 S.E.2d at 302 ("A contract is ambiguous when the terms of the contract are reasonably susceptible of more than one interpretation.").[1]

**AFFIRMED.**[2]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] In light of our disposition, we decline to address Appellants' remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.